MRS. F. D. PIERCE V. STATE.

No. 24916. October 25, 1950.

*Alvin R. Allison* and *Earl R. Allison,* Levelland, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of possessing whiskey for the purpose of sale in a dry area, and her punishment was assessed at a fine of $750.00.

The dry status of the area was established by the state's evidence. Jack Sheppard, an inspector for the Texas Liquor Control Board, testified as to the finding of a large amount of whiskey on the premises of appellant and her husband.

The search was made under authority of a warrant authorizing such search and the arrest of F. D. Pierce, the husband of appellant.

Upon a separate trial, the husband was convicted for possession of such liquor for the purpose of sale, and appealed from such conviction to this court in our Cause No. 24,867.

While the search was in progress, appellant came to where they were taking the whiskey out from under the house. The officer testified: "We asked her who operated the stash and she said she did and she said she also made sales from the stash."

It appears that the whiskey was kept in the drain under the shower, and could be reached through the drain. But the officers removed the liquor from the outside by tunneling underneath the shower. This hiding place seems to have been referred to by the witness as a "stash."

Appellant objected to the testimony as to her statement to the officers on the ground that same was a confession made while under arrest. By her Bill of Exception No. 1 she complains of the overruling of such objection.

The trial court qualified this bill of exception and directs attention to the officer's testimony wherein he said that the statement was made before appellant was placed under arrest.

Appellant contends that from the following testimony of said witness, it is shown that appellant in fact was under arrest at the time of the conversation: "I would say that it was apparent to the defendant that the place was being raided by officers of the law when she arrived there. Putting myself in her place that would be the conclusion I would arrive at."

The witness testified that the conversation with appellant occurred before she was placed under arrest. There was no effort by appellant to show otherwise. The witness was not cross-examined regarding the facts of the arrest, and appellant offered no testimony thereon.

The officers were armed with a search warrant authorizing the search of the premises, and the arrest of the husband. There is nothing in the record to intimate that they had any intention of arresting appellant until she declared to the officers that she operated and sold whiskey from the hiding place.

From the fact that she was aware that the place was being raided when she arrived, it does not follow that she was under arrest or restraint, or that she so considered herself to be. There was no error in admitting the statement of appellant to the officers.

The remaining bill of exception complains of the introduc-

tion of the liquor, and shows no error. The liquor was identified as that obtained in the search, and was the same liquor offered in the trial of F. D. Pierce.

No error appearing, the judgment is affirmed.

Opinion approved by the court.